

FILED
IN CLERK'S OFFICE
DISTRICT COURT

SEP 10

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MICHAEL GLENN and HASHAWN MILLER,

                                   Plaintiffs,

-against-

THE CITY OF NEW YORK, and P.O. BRIAN WOOD,
Shield No. 5728, and P.O.'s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently
unknown).

                                   Defendants.

----------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

10 CV 1178 (SLT) (RLM)

      **WHEREAS**, plaintiffs, Michael Glenn and Hashawn Miller commenced this action by filing a complaint on or about March 16, 2010, alleging that defendants violated their constitutional rights; and

      **WHEREAS**, defendants have denied any and all liability arising out of plaintiffs' allegations;

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS**, plaintiffs MICHAEL GLENN and HASHAWN MILER have authorized their counsel to settle this matter on the terms enumerated below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    This above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff MICHAEL GLENN the total sum of TWELVE THOUSAND FIVE HUNDRED ($12,500) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. The City of New York hereby agrees to pay plaintiff HASHAWN MILLER the total sum of FIFTEEN THOUSAND ($15,000) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiffs agree to dismissal of all the claims against the City of New York and the individually named defendants, and to release all defendants, and any present or former employees or agents of the City of New York, from any and all liability, claims, or rights of action that have or could have been alleged by plaintiffs arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3. Plaintiffs shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, releases based on the terms of paragraph "2" above and Plaintiffs' Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the City of New York that it has in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the

United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

6. Plaintiffs agree to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
September 8, 2010

Gerald Cohen, Esq.
Cohen & Fitch, LLP
225 Broadway, Suite 2700
New York, NY 10007
(212) 374-9115

By: _____
Gerald Cohen, Esq.
*Attorney for Plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-196
New York, New York 10007
(212) 788-0899

By: _____
Stuart E. Jacobs
*Assistant Corporation Counsel*

SO ORDERED:

s/ SLT
_____
HON. SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
September 9, 2010

The Clerk of Court is directed to close this case.

- 4 -